IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-2106-FL

| | | |
|---|---|---|
| ANGELO RONNELL WHITEHURST, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| LESLIE COOLEY-DISMUKES, | ) | |
| Respondent. | ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The matter is before the court on respondent's motion to dismiss (DE 52) under Federal Rule of Civil Procedure 12(b)(6). Petitioner responded. In this posture, the issues raised are ripe for ruling.

**STATEMENT OF THE CASE**

On October 14, 2013, petitioner pleaded guilty in Craven County Superior Court to second-degree murder, attempted armed robbery, assault with a deadly weapon inflicting serious injury, and four felonious offenses of possession of weapons by a prisoner. (Resp's Mem. Ex. 3 (DE 53-4) at 2-5). The trial court sentenced petitioner to 180-225 months' imprisonment for second-degree murder, and a consecutive sentence of 60-81 months' imprisonment for the remaining crimes. (Resp's Mem. Ex. 4 (DE 53-5) at 2-5). Petitioner did not appeal.

On February 15, 2022, petitioner filed his first habeas petition in this court, alleging: 1) seizure in violation of the Fourth Amendment; 2) entry into an "obligation of contracts, treaty, alliance and/or agreement with the State of North Carolina in accordance with or the prohibition of Article I, Section 10 of the United States Constitution"; and 3) that petitioner's convictions

were against "the statutory construed person for which [he] was collusively joined without knowledge or consent" and not "against [petitioner's] living soul as a human being." See Pet. at 1-6, Whitehurst v. Buffaloe, No. 5:22-HC-2031-FL (E.D.N.C. Feb. 15, 2022). Petitioner later moved for voluntary dismissal, which was granted April 13, 2022.

Petitioner then filed motion for appropriate relief ("MAR") in Craven County Superior Court March 9, 2023, alleging he was convicted due to ineffective assistance of counsel and coercion out of fear of receiving a harsher sentence. (Resp's Mem. Ex. 5 (DE 53-6) at 2-8). He also alleged double jeopardy stemming from a purported sentencing error. (Id. at 8-13). The trial denied the motion as untimely May 30, 2023. (Resp's Mem. Ex. 6 (DE 53-7) at 2-6). He later filed letter motions captioned as "motions for corrections" in Craven County Superior Court between August and September 2024, which were construed as a second MAR and denied November 8, 2024. (Resp's Mem. Ex. 8 (DE 53-9) at 2-6).

On November 4, 2024, petitioner filed habeas petition with the North Carolina Supreme Court. (Resp's Mem. Ex. 9A (DE 53-10) at 46-55; Resp's Mem. Ex. 9B (DE 53-11) at 2-17). This petition was denied November 12, 2024. (Resp's Mem. Ex. 12 (DE 53-16) at 2).

In July and October 2025, petitioner filed petitions for writ of certiorari in the North Carolina Court of Appeals, challenging his conviction. (Resp's Mem. Ex. 13 (DE 53-17) at 2-17; Resp's Mem. Ex. 14 (DE 53-19) at 2-9). These were denied for unreasonable delay December 8, 2024. (Resp's Mem. Ex. 15 (DE 53-20) at 2). Petitioner then filed habeas petition with the North Carolina Court of Appeals October 29, 2025, which was denied five days later (DE 37-1).

Petitioner filed this § 2254 petition May 6, 2025. (DE 1). On frivolity review, the court directed petitioner to file amended petition correcting deficiencies in his original filing. Petitioner filed amended pleading on December 10, 2025, and then filed a motion to correct the next day. The court granted petitioner's motion to correct and allowed the matter to proceed. Petitioner broadly asserts these claims: 1) ineffective assistance of counsel; 2) involuntary plea; 3) breach of plea; 4) void or voidable indictments; 5) double jeopardy; 6) false imprisonment; 7) unlawful sentence; and 8) malicious prosecution. (See Amend. Pet. (DE 37) at 1-12; Mt. Correct (DE 39) at 1).

On February 25, 2026, respondent filed the instant motion to dismiss, supported by memorandum of law and appendix of exhibits including records from petitioner's trial, sentencing, and state post-conviction proceedings. Petitioner responded in opposition.

## COURT'S DISCUSSION

### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual

[1] Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

Similarly, a motion to dismiss a § 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). In ruling on a motion to dismiss, the court looks to the record of the state proceeding, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See, e.g., Cullen v. Pinholster, 563 U.S. 170, 180–82 (2011); Walker, 589 F.3d at 139.

B. Analysis

Respondent argues that petitioner's claims are untimely. A one-year statute of limitations applies to a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for postconviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). But the time between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See Holland v. Florida, 560 U.S. 631, 638 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000).

These time limitations may be equitably tolled in extraordinary circumstances. "A federal habeas petitioner [challenging his state conviction under § 2254] may be entitled to equitable tolling of the one-year statute of limitations . . . where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Justus v. Clarke, 78 F.4th 97, 104–05 (4th Cir. 2023) (internal quotation omitted). Equitable tolling, however, applies only if the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649.

Here, the statute of limitations began to run on the date petitioner's judgment became final by the conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As noted above, petitioner did not seek appellate review after pleading guilty October 14, 2023. Under North Carolina Law, a party has fourteen days to notice appeal after entry of judgment. N.C. R. App. P 4(a). Thus, petitioner's one-year limitation period began running October 29, 2013. The instant §2254 petition was filed May 6, 2025—more than 10 years after petitioner's time to file had expired. See 28 U.S.C. § 2244(d)(1).

And petitioner is not entitled to equitable tolling of the statute of limitations. In petitioner's amended petition, he argues equitable tolling is warranted because he was "mislead [sic] and defrauded in Superior Court," and because petitioner "is a layperson and not a legal professional." (See Amend. Pet. (DE 37) at 14-15). In opposing respondent's motion to dismiss, petitioner again raises the bare assertion that he was "mislead [sic] by facts and law" and that respondent will not be prejudiced because he has been incarcerated for 15 years. (Pet's Resp. (DE 56) at 1-2). On this record, petitioner has not shown that he diligently pursued his rights or that extraordinary circumstances prevented him from timely filing. See Holland, 560 U.S. at 649; see also United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004) (noting that unfamiliarity with legal process and lack of representation generally are not grounds for equitable tolling).

In sum, this habeas petition is untimely under 28 U.S.C. § 2244(d)(1), and petitioner fails to show grounds for equitable tolling of the statute of limitations. Thus, the petition is dismissed as time barred.

D. Certificate of Appealability

Finally, the court considers whether to issue certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, and respondent is entitled to dismissal of the petition,

the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claims presented in the habeas petition considering the applicable standard, the court concludes reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and no issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Accordingly, a certificate of appealability is denied.

**CONCLUSION**

Based on the foregoing, respondent's motion to dismiss (DE 52) is GRANTED. The petition is DISMISSED with prejudice, and a certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge